BELKNAP.

---

WELCH *v.* OSSIPEE V. T. C. S. BANK.

The levy of an execution may be completed by the successor of the sheriff whose deputy began the levy.

An appraiser, appointed by an officer who began a levy, may act with two other appraisers appointed by another officer who completes the levy.

An assignee of an execution, by claiming under a levy of it, adopts the appointment of an appraiser made by the creditor.

An officer's return of a levy of an execution, stating that he appointed an appraiser for the debtor, " as he neglected to appoint," is insufficient, because it does not show that the debtor had " due notice."

WRIT OF ENTRY.   Both parties claimed title under one Bailey,— the plaintiff by deed, the defendant by an attachment made (before the plaintiff's deed) in the suit *Plummer* v. *Bailey*, and the levy of an execution assigned by Plummer to the defendant.   The plaintiff made several objections to the validity of the levy.

*Hibbard*, for the plaintiff.

*Whipple*, for the defendant.

Doe, C. J. A deputy of sheriff Thurston, having Plummer's execution, appointed an appraiser, who was sworn within thirty days after judgment. Everett became sheriff in place of Thurston. The creditor took the execution from Thurston's deputy, and delivered it to Everett, who caused two more appraisers to be appointed, and completed the levy, the three appraisers acting together. Whether " shall," in Gen. St., *c.* 197, *ss.* 9, 10, means " may," or whether a sheriff can be required, after he goes out of office, to complete his official business, we need not inquire. The statute, reasonably construed, does not prohibit the completion by Everett of the levy begun by a deputy of his predecessor. For some purposes, the authority of various successive public officers is necessarily continuous. The appraisers appointed by the two officers were appointed by " the officer levying such execution," within the meaning of Gen. St., *c.* 218, *s.* 2.

One of the appraisers was appointed by the creditor after he had assigned the execution to the defendant. If the defendant had the right of appointment, he has adopted the appointment made by the creditor, by claiming under the levy. *Odiorne* v. *Mason*, 9 N. H. 24.

" If the debtor, on due notice, neglects to appoint an appraiser," " the officer shall appoint an appraiser for him." Gen. St., *c.* 218, *s.* 3. The officer's return is, " I caused" an appraiser to be appointed " by myself for the debtor within named, as he neglected to appoint." This is insufficient, because it does not show " due notice." *Mead* v. *Harvey*, 2 N. H. 495, 497 ; *Daniels* v. *Ellison*, 3 N. H. 279, 287 ; *Burnham* v. *Aiken*, 6 N. H. 306, 327 ; *Whittier* v. *Varney*, 10 N. H. 291, 296 ; *Eddy* v. *Knap*, 2 Mass. 154 ; *Whitman* v. *Tyler*, 8 Mass. 284. But the defect may be cured by amendment.

*Case discharged.*

Bingham, J., did not sit.